UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

JEAN BAPTISTE EDNER,

               Plaintiff,               **MEMORANDUM & ORDER**
                                                                                       14-CV-00581 (MKB)

          v.

NYCTA - MTA,

               Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jean Baptiste Edner, appearing *pro se*, commenced this action on January 24, 2014, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging employment discrimination against the New York City Transportation Authority – MTA ("NYCTA–MTA").[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this memorandum and order. For the reasons discussed below, Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Background**

      Plaintiff's Complaint is submitted on an employment discrimination form supplied by the Court and attaches several documents, including a complaint and complaint form which was

---

[1] Plaintiff filed a similar action against the union, TWU Local 100-ATU, on the same day, alleging termination of employment, retaliation and "lack of assistance" in violation of Title VII. *See* Compl., *Edner v. TWU Local 100-ATU*, No. 14-CV-580 (E.D.N.Y. 2014). By Memorandum and Order dated May 7, 2014, the Court granted Plaintiff 30 days leave to amend his complaint in that action.

submitted to the New York State Division of Human Rights ("NYSDHR"). (NYSDHR Compl., annexed to Compl. at ECF 15; NYSDHR Compl. Form, annexed to Compl. at ECF 16.) According to Plaintiff, he was employed as a bus operator for the NYCTA–MTA. After three "unfair reports" that accused him of wrongdoing, his employment was terminated and he was not given a chance to "defend" himself against such reports. (Compl. 4, ¶ 8.) Plaintiff was subject to retaliation by Defendant and was not paid for his vacation, "holy[] days" or sick days. (NYSDHR Compl. Form at ECF 21.)

Plaintiff filed a charge of employment discrimination with the NYSDHR or the New York City Commission on Human Rights in March 2013. (Compl. 4.) Plaintiff also filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On October 28, 2013, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter adopting "the findings of the state or local fair employment agency that investigated [Plaintiff's] charge." (Dismissal and Notice of Rights letter, annexed to Compl. at ECF 6.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks

omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Branum v. Clark*, 927 F. 2d 698, 705 (2d Cir. 1991)). The Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. The Complaint fails to state a claim against the NYCTA–MTA

Plaintiff claims that he suffered unfair termination of his employment and retaliation by the NYCTA–MTA in violation of Title VII but fails to plead sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e-2(a) (emphasis added); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). To establish a *prima facie* case of discrimination, Plaintiff must show that: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown*, 673 F.3d at

150; *see also Mills v. S. Connecticut State Univ.*, 519 F. App'x 73, 75 (2d. Cir. 2013); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).

Title VII also contains an anti-retaliation provision, prohibiting discrimination against an employee "because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) ("Title VII . . . prohibits an employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity." (citations omitted)); *Hicks v. Baines*, 593 F.3d 159, 161 (2d Cir. 2010) ("Title VII's anti-retaliation provision makes it unlawful 'for an employer to discriminate against any . . . employee[] . . . because [that employee] opposed any practice' made unlawful by Title VII .'" (alterations in original) (quoting 42 U.S.C. § 2000e-3(a))). Title VII's anti-retaliation provision is "construed to cover a broad range of employer conduct." *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 868 (2011).

Here, the nature of Plaintiff's Title VII claim is unclear. Although he checked a box on the employment discrimination form indicating that he was filing the instant claim pursuant to Title VII, he failed to check any of the boxes indicating a basis for the alleged discrimination. (*See* Compl. 1, 3.) Plaintiff's submissions contain one vague allegation that he was "offen[ded]" when his supervisor brought another supervisor "who was [from] the same country [as him] to translate" during a meeting. (*See* NYSDHR Compl. Form at ECF 20.) To the extent this single allegation was intended to state a claim for national origin discrimination, it is insufficient as there is no allegation that Plaintiff suffered an adverse action due to any discrimination based on his national origin. *See Ruiz*, 609 F.3d at 491 (A plaintiff must show that he "suffered an adverse employment action" and that "the action took place under circumstances giving rise to the

4

inference of discrimination."). Even under the most liberal reading of Plaintiff's allegations, he fails to allege any facts showing that he was terminated under circumstances giving rise to an inference of discrimination. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe*, 604 F.3d 110, 120–21 (2d. Cir. 2010) (although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

The complaint that Plaintiff filed with the NYSDHR alleges, "I have opposed discrimination. Because of this, I have been subject to unlawful discrimination actions." (NYSDHR Compl. at ECF 15.) When directed to specify his claim for retaliation, Plaintiff wrote that he filed a "complaint against the Union TWU Local 100 and the boss." (NYSDHR Compl. Form at ECF 15.) However, nowhere in the Complaint or supporting documents does Plaintiff proffer any facts indicating what unlawful employment practice he opposed. Instead, it appears that the complaints Plaintiff made were related to his objections to allegations made against him for work misconduct. (*See* Compl. 4; NYSDHR Compl. Form at ECF 19–21.) There is no indication that the claimed retaliation was in response to a trait or activity protected by Title VII or that Plaintiff believed was protected by Title VII. *See Troccoli v. Target Store*, No. 13-CV-00627, 2013 WL 2023983, at *3 (E.D.N.Y. May 13, 2013) (dismissing retaliation claim where plaintiff "fail[ed] to allege any facts that permit the inference that he had a good faith, reasonable belief that he challenged conduct that constituted discrimination based upon a protected characteristic" (citing *Drumm v. SUNY Geneseo College*, 486 F. App'x. 912, 914 (2d Cir. 2012))).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his Complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated and retaliated against him in violation of Title VII. If available, Plaintiff should include a copy of the charge of discrimination that he filed with the state or local employment agency that investigated his allegations or a copy of the charge that he filed with the EEOC. Any amended complaint must be filed within 30 days of the date of this Memorandum and Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this order. If Plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed.

### III. Conclusion

Plaintiff is granted 30 days from the date of this order to replead his Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    S/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 7, 2014
      Brooklyn, New York